ALBANY,
Oct. 1826.

Fort
v.
Smalley.

New trial denied.

---

Fort *against* Smalley and Ratmour.

On error from the *Madison* C. P. The action below was replevin by *Fort* against *Smalley* and *Ratmour*.

The proceedings were by plaint. The record contained a *placita* of *June* 15*th*, 1824. It then stated that *Smalley* and *Ratmour* were summoned to appear, and did appear in the C. P. on the same 15*th* of *June;* and that "*Fort* does not farther prosecute his bill or action of replevin," &c. Then judgment for the defendants for costs. The record was signed *October* 16*th*, 1824.

A defendant in replevin, whether sued by plaint or writ, may *non pros* the plaintiff.

But it is error, if it appear on the record, that the *non pros* was of the same term with the return of the process.

*J. A. Spencer*, for the plaintiff in error.

*G. C. Bronson*, contra.

*Curia, per* Savage, Ch. J. There are two questions to be decided; 1. Can a plaintiff in replevin be nonprossed? 2. If he can, is not the judgment premature, being on the return of the plaint?

The first point was considered at the last term,(*a*) on a motion for a mandamus to vacate a rule made by the court below in this cause; and we see no reason to change the opinion we then expressed. By the statute, (1 *R. L.* 91,) two modes of proceeding, by *writ* and by *plaint*, are authorized : the plaint to be returned to the next common pleas; " and the like proceedings shall thereupon be had, in the same court, as may, or ought to be had upon a writ of replevin."

(*a*) Vid. ante, 43.

The eleventh section of the act concerning costs, (1 R. L. 345,) provides, that where any person shall sue out of any court, any process against any person, who shall be imprisoned on the same, or put in bail, or cause his appearance to be entered, if the plaintiff shall not declare before the end of the next term, the court may adjudge costs to the defendant. The judgment of *non pros* is not mentioned by name ; but, by the practice of the courts, that judgment is rendered for not declaring ; and if a plaint is to be considered process within the meaning of the act, costs may be awarded in that case. If a plaint is not technically process, still the same result will follow, as, by the act concerning replevin, the same proceedings are to be had upon a plaint, as upon a writ of replevin.

According to the English practice, the action is commenced either by writ or plaint, as with us. There, if the defendant wish to expedite the plaintiff, he must enter his appearance and rule the plaintiff to declare. If he do not, the defendant may sign judgment of *non pros*. (2 *Archb. Pr.* 68.) No distinction is made, whether the suit be commenced by writ or by plaint. There too, as here, the plaintiff, before he executes a plaint, takes a bond with sureties. But that makes no difference as to the mode of conducting the suit.

Whether, therefore, we follow the English practice, or look solely at our own statute, I think it is regular to enter a judgment of *non pros*, in replevin, as in other actions.

But, by the record in this case, the judgment seems to be entered at the return of the process. This is premature and erroneous : and the judgment must be reversed for this cause.

Judgment reversed.